IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff-Appellee, | * |
| v. | *  Crim. Action No. 8:20-CR-00086-PX |
| GERALD STATON, | * |
| Defendant-Appellant. | * |

**MEMORANDUM OPINION**

In this criminal case, Defendant Gerald Staton appeals the denial of his motion to withdraw his guilty plea to misdemeanor driving under the influence of alcohol or narcotics. Staton contends that his counsel failed to review with him certain evidence that may have influenced his decision to try his case instead of pleading guilty. The matter is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Because the Court finds no reversible error in the Magistrate Judge's decision to deny Staton's motion to withdraw, the decision is AFFIRMED.

**I.    Background**

On December 17, 2017, Staton was involved in a car accident on the Baltimore Washington Parkway. ECF No. 10-12 at 2. The United States Park Police arrived at the scene and found Staton in his car. *Id.* The officer smelled alcohol and recognized Staton's behavior as consistent with a person high on PCP. *Id.* Staton also failed standard field sobriety tests. *Id.* At the station, officers administered a breath alcohol test, which registered .032, within legal limits. *Id.* According to the police report, the officers next asked Staton if he would consent to a blood draw to test for the presence of illegal substances, to which Staton agreed. *Id.* The blood draw ultimately revealed that Staton had PCP in his system. ECF No. 14-1 at 1. Officers also

presented Staton with a Miranda waiver form on which he indicated that he wanted an attorney present for all questioning.  ECF No. 10-11 at 2.

Officers also reviewed with Staton a document entitled "36 CFR Chemical Testing Notice" (the "Notice"), which Staton signed and dated.  ECF No. 10-10 at 2.  The Notice informed Staton that because probable cause existed to believe that he had been in physical control of a vehicle while under the influence of drugs or alcohol, he was required to submit to testing pursuant to pertinent implied consent laws.  *Id.*  The Notice also provided a place for the accused to indicate, by checking a box, whether he consented to various tests.  *Id.*  Staton evidently checked the box indicating that he would consent to a breath, urine, or saliva test, but as to a blood test, the box indicating express consent was not checked.  *Id.*

On December 13, 2018, Staton pleaded guilty to operating a vehicle under the influence of PCP, in violation of 36 C.F.R. § 4.23(a)(1).  Case No. 18-po-2390, ECF. No. 39 at 5–6; ECF No. 34.  While awaiting sentence, Staton moved to withdraw his guilty plea, arguing that his trial counsel's failure to review certain evidence regarding his purported consent to the blood draw deprived him of "the close assistance of competent counsel" to which he is entitled in advance of pleading guilty.  Thus, says Staton, his guilty plea was not knowing and voluntarily made.  Case No. 18-po-2390, ECF No. 25 at ¶ 4, 5.

On October 31, 2019, the Magistrate Judge held a hearing on Staton's motion.  Both Staton and his former trial counsel testified.[1]  *See* Case No. 18-po-2390, ECF No. 24.  Staton complained that counsel had not discussed with him the *Miranda* waiver form or the Notice.  *Id.* at 33.  Had his attorney done so, said Staton, he would have not pleaded guilty and instead

---

[1] The original trial counsel withdrew from representation and successor counsel was appointed who represented Staton for the withdrawal motion, sentencing, and this appeal.  Case No. 18-po-2390, ECF No. 26 at ¶ 9; ECF No. 29.

2

pursued suppression of his blood test results as unconstitutionally obtained. *Id.* At bottom, Staton testified that had counsel "ask[ed] him about what actually happened when he consented," and discussed the legal implications of the Notice and Miranda waiver forms, he likely would not have pleaded guilty. *Id.* at 62–63.

Staton's former trial counsel next testified that as an experienced attorney having represented hundreds of defendants charged with federal misdemeanors, she performed her customary discovery review with Staton. She read Staton the police report to ascertain whether Staton disputed any aspect of the officer's version of the events. Staton did not. Importantly, the police report referred to Staton as having consented to the blood test, and Staton never disputed with his counsel this consent. *Id.* at 71, 108. Accordingly, trial counsel concluded that the Government's DUI case against Staton was strong, and so she discussed with him that a resolution short of trial "would be the best possible thing for him." *Id.* at 46, 49. She also saw little need to review the Notice or Miranda form with Staton because he had not disputed that he consented to the blood draw. *Id.* at 62. Based on this testimony, the Magistrate Judge found that Staton had failed to demonstrate that trial counsel's performance had fallen "below an objective standard of reasonableness," and even if it had, Staton also had not demonstrated "a reasonable probability that but for those errors, the result would have been different." *Id.* at 115.

Staton now appeals the denial of his motion to withdraw his guilty plea. ECF No. 1. Although his arguments are meandering and repetitive at times, Staton essentially contends that the Magistrate Judge erred by applying the wrong legal standard and in concluding that he had received close assistance of competent counsel. *See* ECF No. 10 at 6–7. For the following reasons, the Court discerns no error warranting reversal.

**II.     Analysis**

Because the Magistrate Judge retains broad discretion on whether to grant a defendant's motion to withdraw his guilty plea, this Court reviews that decision for abuse of discretion. *See United States v. Lambey*, 974 F.2d 1389, 1393 (4th Cir. 1992). *See also* Fed. R. Crim. P. 58(g)(2)(D). A court abuses its discretion when it acts "arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007).

Rule 32(d) of the Federal Rules of Criminal Procedure permits a defendant to withdraw a guilty plea "upon a showing . . . of any fair and just reason." Fed. R. Crim. P. 32(d). Importantly, "a defendant does not have an absolute right to withdraw a guilty plea," *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, he "bears a heavy burden of persuasion," in showing the existence of a fair and just reason. *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (quoting *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). As to whether a defendant has met this burden, the Fourth Circuit considers six factors:

> "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary,
> (2) whether the defendant has credibly asserted his legal innocence,
> (3) whether there has been a delay between the entering of the plea and the filing of the motion,
> (4) whether defendant has had close assistance of competent counsel,
> (5) whether withdrawal will cause prejudice to the government, and
> (6) whether it will inconvenience the court and waste judicial resources."

*Moore,* 931 F.2d at 248 (4th Cir. 1991).

Before the Magistrate Judge, Staton principally relied on the fourth *Moore* factor,

4

maintaining that trial counsel's failures deprived him of close assistance of competent counsel. *See* Case No. 18-po-2390, ECF No. 24 at 61–63.  For this *Moore* factor, Staton had to demonstrate first that counsel's trial "performance fell below an objective standard of reasonableness," and second, that a "reasonable probability" existed that but for trial counsel's errors, he "would not have pleaded guilty and would have insisted on going to trial." *United States v. Ubakanma*, 215 F.3d 421, 425 (4th Cir. 2000).

As to the first prong, this Court discerns no error, legal or otherwise, in the Magistrate Judge's finding that trial counsel's performance had not been deficient.  Indeed, the Magistrate Judge reasoned that because counsel reviewed the police report with Staton, which memorialized Staton's consent to the blood draw, counsel reasonably believed that reviewing with Staton the Notice of that consent was unnecessary.  Case No. 18-po-2390, ECF No. 24 at 110–11.  The Magistrate Judge agreed with counsel, and his decision in this regard will not be disturbed.

As to the second prong, Staton rightfully points out that the Magistrate Judge did not articulate the precisely correct standard.  *Compare* 18-po-2390, ECF No. 24 at 115 (noting the outcome of trial would not have been different) *with Ubakanma*, 215 F.3d at 425 (defendant must show he "would not have pleaded guilty" absent trial counsel's errors).  But because this Court affirms the Magistrate Judge's determination on whether counsel's performance fell below objectively reasonable standards, any error as to the second prong is harmless.  *Cf. Strickland v. Washington*, 466 U.S. 668, 697 (1984) ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").  Moreover, even under the correct standard, Staton has failed to convince this Court that he would prevail.  Mere post-hoc averments that Staton would not have pleaded guilty had his counsel discussed the Notice and

Miranda waiver does little to upset the "strong presumption" that Staton's guilty plea is valid and binding.  *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012).

On the remaining *Moore* factors, the Magistrate Judge concluded that many cut in Staton's favor or were a wash.  *Id.* at 113–14.  Staton does not assert any error in this respect.  Accordingly, Staton has given this Court no grounds to conclude that the Magistrate Judge abused his discretion in denying the motion.  The Court therefore AFFIRMS the denial of Staton's motion to withdraw his guilty plea.

A separate Order follows.

10/17/2023  /s/
Date  Paula Xinis
United States District Judge